GEORGE WILLIAMS, in *Equity*, *versus* WILLIAM R. SMITH
& *als.*

The assignee of a mortgage, who has parted with all his interest, and has never
made himself liable for rents and profits, should not be made a party to a bill
to redeem the premises, unless he is charged with fraud or collusion, or a
discovery is sought from him.

A bill in equity to redeem a mortgage cannot be maintained, under our statutes,
against an assignee of the mortgage, by virtue of a tender made to a previous
assignee, who has since parted with all his interest.

BILL IN EQUITY to redeem a mortgage given by one
Fowler to Henry L. Nichols, and by him assigned to the
defendant Smith, and by him assigned to the other defend-
ants—the plaintiff being the owner of the equity of re-
demption.

The case is stated in the opinion.

*North*, for the plaintiff.

*Libbey*, for the defendant Smith.

*Drummond*, for the other defendants.

The opinion of the Court was drawn up by

RICE, J.—The case is before us on bill and demurrers.
The bill alleges, that while the defendant Smith held the
mortgage and notes, the complainant tendered him the
amount due thereon, which tender was refused. Neither
the time when the tender was made, nor the amount ten-
dered, are set out in the bill. Whether a tender set out in
such general and indefinite terms could be held legally suf-
ficient to sustain the bill, we do not now inquire, as the case
turns upon other considerations. The bill also alleges, that
subsequent to the tender, and before this process was com-
menced, Smith, to wit, on the 22d day of April, 1859, sold,
transferred, and assigned said notes and mortgage to H. S.
and Albert Tobey, the other defendants.

There is no suggestion that Smith retained any interest in

the notes or mortgage after this assignment. Nor is he charged with any fraud, collusion or concealment in the transaction. It does not appear that he has been in the actual occupation of the premises, or that he has in any way made himself liable to account for rents · or profits. The notes mentioned in the mortgage were long past due when they were transferred by Smith, and therefore subject to all equities in the hands of his transferees. Nor is any discovery sought from Smith. The bill, therefore, not only fails to show any interest in Smith, but, on the contrary, clearly shows that he has no interest whatever, and had none when the bill was commenced. As to him, therefore, the demurrer must be sustained.

Can the bill be maintained as to the other defendants? If maintained, it must be under the provisions of c. 90, R. S.

No tender has been made to them, nor has there been any demand upon them to account. They are not shown to have been in possession, nor in the reception of rents or profits. The provisions of §§ 13 and 14, c. 90, R. S., do not therefore apply. Nor are they liable under the provisions of § 16 of the same chapter, because no process for the foreclosure of the mortgage under § 5 has been commenced; nor is it alleged that they reside out of the State, nor that their residence was unknown to the complainant.

It is not perceived how the transfer from Smith could have kept the complainant out of the possession.

> *The demurrers of all the defendants*
> *must be sustained, with costs.*

TENNEY, C. J., MAY, GOODENOW, DAVIS and KENT, JJ., concurred.